UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON J. WALTER,
    Plaintiff,

v.                                                         Case No. 09-15062
                                                        Honorable Patrick J. Duggan

FEDERAL EXPRESS CORPORATION,
    Defendant.
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTION TO DEFENDANT'S REMOVAL OF CASE TO FEDERAL COURT AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS/MOTION FOR MORE DEFINITE STATEMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 22, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

On December 1, 2009, Plaintiff Aaron Walter ("Plaintiff") filed a Complaint against Defendant Federal Express Corporation ("Defendant") in the Circuit Court for Oakland County, Michigan. Defendant removed the Complaint to this Court on December 31, 2009, pursuant to 28 U.S.C. §§ 1132(a) and 1441(a). In the Complaint, Plaintiff alleges three counts: (I) breach of implied contract and wrongful discharge; (II) intentional infliction of emotional distress; and (III) negligent infliction of emotional distress.

On the same date that Defendant removed the Complaint to this Court, Defendant filed a motion to dismiss or motion for more definite statement. Defendant served Plaintiff's counsel with a copy of the motion via the Court's electronic filing system and

U.S. mail on December 31, 2009. On January 7, 2010, the Court issued a notice reflecting that Defendant's motion to dismiss or for more definite statement had been filed and reminding the parties of the provisions of Eastern District of Michigan Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." (Doc. 7.) Nevertheless, Plaintiff only filed a response to Defendant's motion on February 12, 2010– more than three weeks beyond the deadline for doing so.

In the meantime, on January 12, 2010, Plaintiff filed an "objection" to Defendant's notice of removal and asked the Court to remand the matter to the State court. Plaintiff challenges this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, contending that he is a citizen of Michigan and therefore is not diverse from Defendant which maintains shipping/packaging locations in Michigan. Plaintiff further indicates that "[t]he case may or may not result in cumulative worth over $25,000.00." (Doc. 8 ¶ 6.)

The Court will address Plaintiff's challenge to the removal first because, if Plaintiff is correct, the Court lacks subject matter jurisdiction to address Defendant's motion.

**Diversity Jurisdiction**

28 U.S.C. § 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>> (1) citizens of different States . . . ,

2

For purposes of diversity jurisdiction, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business, . . .."[1] 28 U.S.C. § 1332(c)(1).

A corporation can only have one principal place of business. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 161 (6th Cir. 1993). To determine a corporation's principal place of business, the Sixth Circuit looks at "(1) the situs of corporate decision-making authority and overall control, and (2) the location of production or service activities." *Bradaschia v. Cofap of Am.*, No. 99-4260, 2000 WL 1909384, at *2 (6th Cir. Dec. 27, 2000) (citing *Gaffford*, 997 F.2d at 162-63). Therefore, simply having an office, warehouse, or store in a State does not make the State the location of the corporation's principal place of business. According to an affidavit submitted by Defendant's employee, LaRonda Saulsberry, Defendant's principal place of business is in Tennessee. (*See* Doc. 1 Ex. B ¶ 2.)

With respect to § 1332's amount in controversy requirement, "[c]ourts assess the amount in controversy based on the face of the complaint, . . ." *Compass Group U.S.A., Inc. v. Eaton Rapids Public Sch.*, No. 09-1033, 2009 WL 3294877, at *2 (6th Cir. Oct. 14, 2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586 (1938); *Worthams v. Atlantic Life Ins. Co.*, 533 F.2d 994, 998 (6th Cir. 1976)). "In gauging the amount in controversy, courts view the claims from the vantage point of

---

[1] There does not appear to be any dispute that Defendant is incorporated in Delaware.

the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

From the face of Plaintiff's Complaint, the amount in controversy requirement is satisfied. In the Complaint, Plaintiff seeks damages in an amount "exceeding $25,000 for each count . . ." As indicated earlier, there are three counts alleged in the Complaint. The fact that one or more of these counts may subsequently be dismissed or that Plaintiff ultimately may not recover his requested relief does not defeat subject matter jurisdiction existing at the time of removal.

The Court therefore concludes that it has diversity jurisdiction in this matter. It therefore rejects Plaintiff's objection to the removal.

## Motion to Dismiss/More Definite Statement

Defendant argues that Plaintiff fails to set forth sufficient allegations in his Complaint to allege claims on which relief may be granted. Defendant therefore seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendant asks the Court to order Plaintiff to provide a more definite statement of the claims alleged pursuant to Federal Rule of Civil Procedure 12(e).

## Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader

4

is entitled to relief." Subsequent to *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002)– which Plaintiff cites in his response brief– the Supreme Court decided *Bell Atlantic Corporation v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007), holding that while a complaint need not contain "detailed factual allegations," it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." to survive a motion to dismiss. *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1964-65, 1974. In other words, and contrary to Plaintiff's assertion, simply alleging the proper elements of a claim is not sufficient to survive a motion to dismiss even at this stage of litigation. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must

5

accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

**Plaintiff's Claim for Breach of Implied Contract and Wrongful Discharge (Count I)**

"Generally, and under Michigan law by presumption, employment relationships are terminable at the will of either party." *Lytle v. Malady*, 458 Mich. 153, 163-64, 579 N.W.2d 906, 910 (1998). The presumption of employment at will can be rebutted "with proof of either a contract provision for a definite term of employment, or one that forbids discharge absent just cause." *Id*. at 164, 579 N.W.2d at 911. The Michigan courts have recognized three ways by which a plaintiff can prove such contractual terms:

> (1) proof of a "contractual provision for a definite term of employment or a provision forbidding discharge absent just cause;" . . . (2) an express agreement, either written or oral, regarding job security that is clear and unequivocal; . . . or (3) a contractual provision, implied at law, where an employer's policies and procedures instill a "legitimate expectation" of job security in the employee.

*Id*. (footnotes and internal citations omitted).

Even at-will employees, however, cannot be lawfully discharged when the reason for the discharge contravenes public policy. *Suchodolski v. Michigan Consol. Gas Co.*, 412 Mich. 692, 695, 316 N.W.2d 710, 711 (1982). In *Suchodolski*, the Michigan Supreme Court provided three examples of when an at-will employee's discharge violates

6

public policy: if (1) the employee is discharged in violation of an explicit legislative statement prohibiting discharge of employees who act in accordance with a statutory right or duty; (2) the employee is discharged for the failure or refusal to violate the law in the course of employment; or (3) the employee is discharged for exercising a right conferred by well-established legislative enactment. *Id.* at 695-96, 316 N.W.2d 711-12.

In his Complaint, Plaintiff fails to allege any facts suggesting that he had an express or implied contract for just cause employment with Defendant. Plaintiff also has alleged no facts suggesting that he was discharged in violation of public policy. As discussed above, absent allegations of a contractual promise or that he was discharged in violation of public policy, Defendant was free to terminate Plaintiff at any time and for any or no reason whatsoever. Plaintiff only alleges generally that he "was wrongfully discharged from his position." (Compl. ¶¶ 16, 39.) Such threadbare allegations are insufficient to state a claim upon which relief may be granted and to survive a motion to dismiss pursuant to Rule 12(b)(6). *See supra.*

**Plaintiff's Intentional Infliction of Emotional Distress Claim (Count II)**

Under Michigan law, a plaintiff alleging an intentional infliction of emotional distress claim must prove: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 374 N.W.2d 905, 908 (1985) (internal quotation marks and citation omitted). In Count II of his Complaint, incorporating his previous allegations, Plaintiff asserts:

> 44. Defendant's conduct as outlined above was intentional.
>
> 45. Defendant['s] conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.
>
> 46. Defendant's conduct as outlined above was for an ulterior motive or purpose.
>
> 47. Defendant's conduct resulted in severe and serious emotional distress.

(Compl. ¶¶ 44-47.) Plaintiff pleads no factual content to support these assertions in this count or elsewhere in his Complaint. Again, simply reciting the elements of one's cause of action is insufficient to survive a motion to dismiss.

## Negligent Infliction of Emotional Distress (Count III)

A plaintiff alleging negligent infliction of emotional distress must demonstrate the following:

> (1) serious injury threatened or inflicted on a person, not the plaintiff, of a nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff from witnessing the event that results in the plaintiff's actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock "fairly contemporaneous" with the accident.

*Hesse v. Ashland Oil Inc.*, 466 Mich. 21, 34, 642 N.W.2d 330, 337 (2002) (in dissent). The Michigan courts have held that this tort does not apply beyond the situation where the plaintiff witnesses negligent injury to a third person. *See, e.g., Duran v. Detroit News,*

*Inc.*, 200 Mich. App. 622, 629, 504 N.W.2d 715, 720 (1993).

There are absolutely no facts alleged in Plaintiff's Complaint to support a claim of negligent infliction of emotional distress. Plaintiff's allegations in support of this claim relate to Defendant's conduct toward him, not some third person. The Court therefore concludes that he fails to state a claim upon which relief may be granted.

## Conclusion

For the above reasons, the Court finds that Plaintiff's Complaint fails to set forth factual allegations to support the claims asserted. Plaintiff recites the elements of his claims without sufficient factual matter to suggest that his claims are plausible. Plaintiff has not responded to Defendant's motion to suggest that, if given the opportunity, he could amend his Complaint to state a viable claim.

Accordingly,

**IT IS FURTHER ORDERED**, that Plaintiff's objection to the removal is **DENIED**;

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT

Copies to:
Charles A. Zajac, Esq.
Sarah F. Henry, Esq.
Stephanie J. Clifford, Esq.